UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23013-BLOOM/Louis

CHLOE TSAKIRIS ALSTON,

    Plaintiff,

v.

WWW.CALCULATOR.COM;
UNKNOWN REGISTRANT a/k/a
RUTH YAKOBZON; STANDS4 LTD;
and GODADDY.COM, LLC,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S EXPEDITED *EX-PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff's Expedited *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction, ECF No. [5] (the "Application"). The Court has carefully reviewed the Application, the Declaration in support of the Application (the "Affidavit"), the record, and is otherwise fully advised.

By the instant Application, Plaintiff Chloe Tsakiris Alston ("Plaintiff"), moving *ex parte*, for entry of a temporary restraining order against Defendants pursuant to Fed. R. Civ. P. 65.

For reasons set forth herein, Plaintiff's *Ex Parte* Application for Temporary Restraining Order is **GRANTED.**

### I.  BACKGROUND

1. The "www.calculator.com" domain name (the "Domain Name") was registered in the name of Plaintiff Chloe Tsakiris Alston in January of 1996 by her father, Nicholas Tsakiris Alston.

2. Plaintiff and her father, Nicholas Tsakiris Alston ("Nicholas" or "Nicholas Alston") operate the business of calculator.com, wherein they provide various online calculators to the public free of charge, generating advertising revenue and value for the Domain Name based upon a large number of visitors to the calculator.com website.

3. Since registering the Domain Name in January of 1996, Chloe Tsakiris Alston and her father have been developing and operating the calculator.com website continuously and without interruption under the trademark/service mark "calculator.com" to market its services throughout the world. Based on this prior use, Plaintiff owns the trademark/service mark "calculator.com" (hereinafter also referred to as the "Trademark") and is entitled to trademark protection of its name.

4. Since registering the Domain Name, Chloe Tsakiris Alston and her father have spent approximately 24 years and substantial sums of money in developing, marketing and promoting the services offered on the website and the calculator.com brand over the Internet using the Trademark.

5. As a result of Plaintiff's use of the calculator.com Trademark since the year 1996, including extensive development, marketing and promotion of its services, the calculator.com Trademark is distinctive and has become well known and famous in the geographic regions in which Plaintiff does business, has acquired name recognition and invaluable good will, and has acquired secondary meaning such that the public throughout the countries and states in which calculator.com does business associates the calculator.com Trademark with Plaintiff's reliable online calculator services.

6. Plaintiff is the owner of the Trademark and the Domain Name, as evidenced by the Google Analytics and Google Adsense account details, the logo and example of its use on the

website dating back to 2006; the Google search results indicating that Plaintiff's father, Nicholas Tsakiris Alston, is directly connected with the management of the calculator.com website; the Upwork account details, demonstrating proof of contractors hired in order to perform updates to the calculator.com website in the past, and hours and money spent on obtaining such services; and the sampling of emails sent and received by Plaintiff or her father related to the calculator.com website and Domain Name ranging from 2001 through 2019.

7. On or about April of 2020, the domain name www.calculator.com was stolen by Defendant Unknown Registrant A/K/A Ruth Yakobzon ("Unknown Registrant") through a cybertheft known as domain name high-jacking, in a malicious scheme conducted by Defendant with the sole purpose of extracting a quick payoff by selling the highly valuable Domain Name.

8. On or about June 19, 2020, the Domain Name was transferred to the GoDaddy.com, LLC registrar account of Defendant Stands4 LTD.

9. Defendant Unknown Registrant's transfer of the Domain Name was in bad faith, and for the singular purpose of extracting a quick payoff by selling the highly valuable Domain Name, as evidenced by Defendant Unknown Registrant's prior attempts to sell the Domain Name on the auction website sedo.com around November and December of 2018.

10. The Defendant Stands4, LTD's receipt, acquisition and use of the Domain Name is in bad faith because the Defendant is trafficking in and using the calculator.com mark with the intent to profit from the nearly 24 years of Plaintiff's development, marketing and promotion of the calculator.com name. Additionally, had the Defendant Stands4 LTD conducted any due diligence, they would have discovered that the Unknown Registrant was not the true owner of the Domain Name, as was obvious to the potential purchaser and

      various other individuals when the Defendant Unknown Registrant previously attempted to sell the Domain Name on the sedo.com auction website in 2018.

11. The Defendants' unlawful activities, and Defendant GoDaddy.com, LLC's facilitation thereof, have deprived Plaintiff of her valuable Domain Name, as well as the ability to operate her business and to derive income and revenue generated by the business and Domain Name.

## II. LEGAL STANDARD

In order to obtain a temporary restraining order, the moving party must demonstrate the existence of the following: (a) irreparable injury will be suffered if relief is not granted, (b) that there is a substantial likelihood of success on the merits, (c) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (d) an injunction would not disserve the public interest. *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008); *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Local No. 70 of Alameida Cnty, etc.*, 415 U.S. 423, 439 (1974).

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[I]t is well-established that 'the amount of security required by the rule is a matter within the discretion of the trial court . . . [, and] the court may elect to require no security at all.'" *BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (alteration in original) (quoting *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B Feb. 1981)); *see also Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302-03 (5th Cir. 1978). "The burden of establishing a rational basis for the amount of a proposed bond rests with the party seeking security." *Medi-Weightloss Franchising USA, LLC v. Sadek*, No. 8:09-cv-2421-T-24MAP, 2010 WL 1837767, at *8 (M.D. Fla. Mar. 11, 2010) (citing *Continental Grp., Inc. v. KW Property Mgmt., LLC*, No. 09-60202-CIV, 2009 WL 3644475, at *6 (S.D. Fla. Oct. 30, 2009) ("The 'burden is on the party seeking security to establish a rational basis for the amount of a proposed bond.' ")), *report and recommendation adopted*, No. 8:09-cv-2421-T-24MAP, 2010 WL 1837764 (M.D. Fla. Apr. 29, 2010). "The determination of the amount of the injunction bond, however, lies within the sound discretion of the Court." *Id.* (citing *Carillon Importers, Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1127 (11th Cir. 1997) ("The amount of an injunction bond is within the sound discretion of the district court")).

### III. CONCLUSIONS OF LAW

The Plaintiff's verified Expedited *Ex Parte* Application for Temporary Restraining Order and accompanying Affidavit support the following conclusions of law:

1. The Plaintiff's Application may be submitted *ex parte* under the circumstances presented, due to the fact that the Plaintiff is suffering, and continues to suffer, irreparable harm by way of loss of her website and portal to the world, her business and income, as well as valuable search engine rankings.

2. Moreover, due to the daily losses of business, visitors and potential visitors, the injury is immediate and exacerbated by any delays in obtaining the injunctive relief requested herein. The entry of a temporary restraining order would serve to immediately stop the Defendants from benefiting from the wrongful taking of the Plaintiff's Domain Name.

3. Additionally, unless a temporary restraining order without notice is granted, Defendants can significantly alter the status quo before the Court can determine the parties' respective rights. In particular, the Defendants can take further actions to further transfer the domain name and remove it from this Court's reach. Such actions can happen instantaneously after Defendants are provided with notice of this action, thereby thwarting the Court's ability to grant meaningful relief. *See Dell, Inc. v. BelgiumDomains, LLC*, Case No. 07-22674 WL 6862341, at *2 (S.D. Fla. Nov. 21, 2007) (finding that *ex parte* relief is acceptable where Defendants' scheme "is in electronic format and subject to quick, easy, untraceable destruction by Defendants.").

12. Plaintiff has a strong probability of success on the merits because the Plaintiff has demonstrated that a) the name "calculator.com" is distinctive and entitled to protection; b) the Defendant Unknown Registrant fraudulently transferred the Domain Name www.calculator.com from the Plaintiff to its own account with Defendant GoDaddy.com, LLC; and c) the transfer by Defendant Unknown Registrant to Defendant Stands4 LTD

was done in bad faith, as demonstrated by the Defendant's prior theft and attempt to sell the Domain Name for profit. (*See* Declaration ¶¶ 11-13, ECF No. [6]).

13. Because of the Defendants' unauthorized theft, transfer and acquisition of the Domain Name as described above, Plaintiff is suffering, and shall continue to suffer, immediate and irreparable injury if a temporary restraining order is not granted. (*See id.* ¶¶ 18-25, ECF No. [6]).

14. As set forth in the Application and accompanying Declaration, because the Defendant Stands4 LTD can quickly and easily transfer the Domain Name, which actions would likely thwart Plaintiff's ability to obtain meaningful relief, the Plaintiff has demonstrated that she will likely suffer immediate and irreparable loss, damage, and injury before the Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted. (*See id.* ¶¶ 27-28, ECF No. [6]).

15. The balance of potential harm to Defendants in restraining their unauthorized use of the Domain Name if a temporary restraining order is issued is far outweighed by the harm being suffered by Plaintiff if such relief is not granted. (*See* Application ¶¶ 45-51, ECF No. [5]; *see also* Declaration ¶¶ 19-22, ECF No. [6]).

16. The public interest would be served by enjoining the Defendants' theft of the Plaintiff's Domain Name, by allowing the Plaintiff to regain control her Domain Name and business, and by preventing internet thieves from profiting off of unlawfully obtained domain names for the purpose of extracting a quick payoff. (*See* Application ¶¶ 52-54, ECF No. [5]).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Expedited *Ex Parte* Application for Temporary Restraining Order, **ECF No. [5]**, is **GRANTED**, according to the terms set forth below:

**TEMPORARY RESTRAINING ORDER**

1. The Defendants Unknown Registrant, Stands4, LTD and GoDaddy.com, LLC, their agents, and any person or entity acting in concert with or on behalf of the Defendants, shall be immediately required to transfer the Domain Name www.calculator.com back to Plaintiff, with Plaintiff's registrar account with non-party Network Solutions, LLC.

2. The Defendants Unknown Registrant and Stands4 LTD shall be prohibited from using the Domain Name www.calculator.com in any way.

3. To the extent that the Defendants Unknown Registrant, Stands4 LTD and GoDaddy.com, LLC do not comply with paragraph 1 above within 24 hours of entry and service of this Order, the non-parties Verisign, Inc. and Internet Corporation for Assigned Names and Numbers ("ICANN") shall, within one business day of receipt of this Order, immediately transfer the Domain Name www.calculator.com to Plaintiff, with Plaintiff's account with the Network Solutions, LLC registrar.

4. The Court further orders Plaintiff to serve notice of this Order on Defendants **by no later than August 3, 2020**, to inform them that **a video conference hearing on Plaintiff's Application is set for Friday, August 7, 2020, at 1:30 p.m.** The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction pending full trial on the merits. At this hearing, Defendants or any other affected persons may challenge the appropriateness of this Order and move to

dissolve the same and the Court will hear argument on Plaintiff's requested preliminary injunction.

5. The hearing set for **Friday, August 7, 2020, at 1:30 p.m.** will be conducted via Zoom. The link to join the Zoom video conference is: https://www.zoomgov.com/j/1601236631?pwd=OEUwSjNkMW4xTGlWTE1wcEh2UDY0Zz09. Alternatively, the Meeting ID for this hearing is 160 123 6631 and the password is 427951.

6. **Any response or opposition** to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for **Friday, August 7, 2020, at 1:30 p.m.**, and filed with the Court, along with Proof of Service. Plaintiff shall file **any Reply Memorandum** twenty-four (24) hours prior to the hearing set for **Friday, August 7, 2020, at 1:30 p.m.** The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Federal Rule of Civil Procedure 65 and this Court's inherent authority.**

7. Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

Case No. 20-cv-23013-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record