## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

CHLOE TSAKIRIS ALSTON,

     Plaintiff,

v.

CALCULATOR.COM; UNKNOWN
REGISTRANT a/k/a RUTH YAKOBZON;
STANDS4 LTD; and GODADDY.COM, LLC,

     Defendants.

Civil Action No. 1:20-cv-23013-BB

### DEFENDANT STANDS4 LTD'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Stands4 LTD ("Stands4") makes this special appearance to respond to Plaintiff's Motion for Preliminary Injunction. Although Stands4 continues to assert that Plaintiff has not justified the extraordinary *ex parte* relief that she obtained, in light of the Court's recent decision in response to Stands4's Motion to Dissolve the Temporary Restraining Order, Stands4 does not contest entry of Plaintiff's requested preliminary injunctive relief at this time. Stands4 continues to deny that it is subject to personal jurisdiction in Florida and will move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) at the appropriate time.[1]

If the Court converts the temporary restraining order into a preliminary injunction, however, it should increase substantially the amount of the security bond required to account for

---

[1] By responding to Plaintiff's Motion for Preliminary Injunction, Stands4 does not consent to the jurisdiction of this Court. *See First Franchise Capital Corp. v. Jack in the Box, Inc.*, No. 1:17-CV-397, 2017 WL 3269260, at *6 (S.D. Ohio Aug. 1, 2017) (finding no waiver of personal jurisdiction where raised in opposition); *ITL Int'l, Inc. v. Constela, S.A.*, No. 1:10CV467 LG-RHW, 2010 WL 4537931, at *2 (S.D. Miss. Nov. 2, 2010), *aff'd,* 669 F.3d 493 (5th Cir. 2012) (finding no waiver where defendant preserved jurisdictional defense).

the substantial potential harm to Stands4 from its extended loss of possession of and use of the calculator.com domain name as well as serious questions concerning the merits of Plaintiff's claims. A court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[T]he purpose of the bond is to compensate the costs and damages sustained by any party found to be wrongfully restrained by the temporary restraining order or preliminary injunction." *HPC US FUND 1, L.P. v. Wood*, 2014 WL 12496559, at *2 (S.D. Fla. May 9, 2014). When determining the appropriate bond amount, courts attempt to approximate the potential loss suffered by the defendant from the date of the injunction until trial. *See Pentair Filtration Sols., LLC v. Superior Water Sys. Co. Inc*, No. 12-62163-CIV, 2013 WL 12091625, at *5 (S.D. Fla. Aug. 8, 2013) (approximating damages suffered over 15 months until trial).

As an initial matter, although Stands4 is not presently contesting issuance of a preliminary injunction in light of the Court's prior ruling, it notes that Plaintiff faces a heavy burden to ultimately prevail on her claims against Stands4. Even if Plaintiff can establish jurisdiction over Stands4:

- First, Plaintiff will need to establish that she is entitled to unregistered trademark rights in the generic domain name calculator.com for a website that provides online calculators. As the Supreme Court recently recognized, to establish trademark rights in a so-called "generic.com" term, a party must present consumer surveys or other evidence demonstrating that consumers perceive the term as capable of distinguishing among members of a class rather than the name of the class itself. *See United States Patent & Trademark Office v. Booking.com B.V.*, No. 19-46, 591 U.S. ___ (2020) (slip op., at 11).

2

- Second, Plaintiff will need to demonstrate that Stands4 registered or used the calculator.com domain name with a bad faith intent to profit from Plaintiff's common law mark. *See* 15 U.S.C. § 1125(d)(1)(B)(i).

    o Plaintiff's only allegation in support of this element of her claim is that "Stands4 LTD acquired ownership of the Domain Name in bad faith, without conducting due diligence to determine the identity of the rightful owner of the Domain Name, and intends to profit from its ownership and operation of the website located at the Domain Name." Compl. ¶ 36.

    o However, when Stands4 submitted its bid to purchase the calculator.com domain name, Stands4 had no knowledge of Plaintiff's claim that the domain name was previously stolen from her in 2018 or that upon recovering the domain name, Plaintiff had failed to remove the contact information of the alleged thief from the records associated with the domain name. *See* Third Declaration of Yigal Ben Efraim ¶ 3 (Aug 5, 2020), attached hereto as Exhibit A ("Third Ben Efraim Decl.").

    o By Plaintiff's own admission, the email address associated with the domain name was chloe.alstonnet@gmail.com. *See* Compl. ¶ 32. This was the same email address listed in the most recent publicly available Whois database information for the calculator.com domain name at the time of the sale. *See id.* ¶ 4 & Attach. 1.

    o The address on the invoice that Stands4 received from the domain name marketplace operator, Dan.com, identified the seller as Chloe Alston with the

same address as the address listed in the most recent publicly available Whois database information at the time. *See id.* ¶¶ 5-6 & Attachs. 1-2.

- o Stands4 did not become aware of Plaintiff's claim that the domain name was stolen until she filed this lawsuit. When GoDaddy first contacted Stands4 in June 2020 about a "transfer dispute," it did not provide any additional information about the basis for the inquiry. Indeed, after GoDaddy concluded that it was a "valid transfer," Stands4 requested information about the basis for Network Solutions' claim. GoDaddy responded that it did not have any additional information, explaining that it had "concluded this was a valid transfer prior to a point when we would have asked for supporting information . . . ." *See* Third Ben Efraim Decl. ¶¶ 7-8 & Attach. 3. Dan.com, meanwhile, advised Stands4 that the dispute was "most likely due to the domain being a high profile domain and the registrar aiming to process this more carefully." *Id.* ¶ 9 & Attach. 4. There was not even a suggestion at the time that Plaintiff was claiming the domain name had been stolen from her account.

- Third, Plaintiff will need to demonstrate that Stands4 did not have a reasonable basis for its belief that registration and use of the calculator.com domain name was lawful, and therefore protected by the ACPA safe harbor. *See* 15 U.S.C. § 1125(d)(1)(B)(ii).

  - o Prior to purchasing the calculator.com domain name, Stands4 conducted significant due diligence to confirm that the domain name seller identified as Chloe Alston was indeed the lawful owner of the domain name including, without limitation, through a thorough review of the email and physical addresses disclosed on the current and historical WHOIS records for the domain name and

4

the content on the calculator.com website itself and comparison with the information provided by the seller. *See* ECF No. 10-1 ¶ 9.

o Stands4 also relied on the opinions of a well-recognized and respected domain name consultant as well as assurances from the Dan.com domain name sales platform, both of which determined that the calculator.com domain name was indeed sold by Chloe Alston to Stands4. *See* ECF No. 19-1 ¶ 4.

o Even after Plaintiff alleged that the domain name was stolen, Stands4 has a reasonable basis for the belief that its continuing use of the domain name is lawful based on the aforementioned diligence as well as: (1) the determination by GoDaddy's Domain Compliance & Advanced Support, upon reviewing documentation provided by Stands4 and Dan.com, that the transfer to Stands4 was proper, *see* ECF No. 19-2 & Ex. A ("Through our review, and as you confirmed through the documentation which you provided, we have concluded this was a valid transfer."); (2) Plaintiff's actions in relation to the allegedly unauthorized attempt to sell the domain name in 2018 including (i) her response to communications from third parties regarding the auction and (ii) her decision to allow the auction to be completed before taking the position that the domain name had been stolen, *see* ECF No. 5-7; and (3) Plaintiff's failure to correct the alleged thief's email address that was associated with the domain name for two years, *see* ECF No. 5-9.

Under the present circumstances, the Court should require a bond of $180,000 as security for the preliminary injunction. This is the amount that Stands4 paid for the domain name, the use of which it is being denied in its entirety while the preliminary injunction is in effect. *See* ECF

No. 10-1 ¶ 7; *see Creuzot v. Green*, No. 3:17-CV-0404-M-BK, 2017 WL 2535858, at *7 (N.D. Tex. May 23, 2017) (establishing bond as the value of the domain names), *report and recommendation adopted,* No. 3:17-CV-0404-M, 2017 WL 2537278 (N.D. Tex. June 9, 2017). In addition to the loss of the calculator.com domain name itself, Stands4 also has had to reconfigure the other websites on the Stands4 network to remove references to calculator.com. *See* Third Ben Efraim Decl. ¶ 7. Upon reacquiring the calculator.com domain name, Stands4 will need to reinstate these changes. *Id.*

A bond of $180,000 is well within the range of security bonds courts have deemed accessible in trademark-related cases. *See, e.g.*, *Intec, Inc. v. Monster Cable Prod., Inc.*, No. 10-22772-CIV, 2011 WL 13223537, at *3 (S.D. Fla. Sept. 6, 2011) (establishing bond of $250,000 for losses associated with discontinuing use of trademark); *Critical RF, Inc. v. Calabrese*, No. 11-60143-CIV, 2011 WL 13217272, at *4 (S.D. Fla. Jan. 24, 2011) (establishing bond of $100,000 for trademark-related losses); *BodyLogicMD Franchise Corp. v. BodyLifeMD, LLC*, No. 13-80622-CIV, 2013 WL 12089974, at *9 (S.D. Fla. Sept. 3, 2013) (establishing bond of $100,000 for reorganization of business and advertising).

Accordingly, the Court should condition the grant of a preliminary injunction on the Plaintiff posting a bond in the amount of $180,000 and grant such other relief as it deems appropriate.

Dated: August 5, 2020        By:    /s/ Ari S. Meltzer

Joan Carlos Wizel (Florida Bar No. 37903)
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
(305)416-3180
jcw@lydeckerdiaz.com

David E. Weslow (*pro hac vice*)
Ari S. Meltzer (*pro hac vice*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000
dweslow@wiley.law
ameltzer@wiley.law

*Counsel for Defendant*
*Stands4 LTD*

## **CERTIFICATE OF SERVICE**

I, Joan Carlos Wizel, hereby certify that on August 5, 2020, I electronically filed the foregoing by using the CM/ECF system.  I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record registered therewith.

By:      /s/  Joan Carlos Wizel
Joan Carlos Wizel (Florida Bar No. 37903)
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
(305)416-3180
jcw@lydeckerdiaz.com

8